### Application of BAXTER.

(Court of Appeals of District of Columbia. Submitted November 13, 1922. Decided January 2, 1923.)

No. 1505.

Patents ☞20—Generation of carbon monoxide in freight cars, instead of outside, is not invention.

    In view of prior patents for the introduction of carbon monoxide into freight cars carrying fruit, to preserve the fruit, and the use of charcoal heaters to heat the cars, it was not invention to use a burner to perform both the function of heating the car and of supplying the carbon monoxide.

Appeal from the Commissioner of Patents.

Application of William M. Baxter for a patent. From a decision of the Commissioner, rejecting eight claims, the applicant appeals. Affirmed.

Samuel W. Banning, of Chicago, Ill., for applicant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents refusing eight claims; the first four being for means or apparatus, and the remaining four covering the method of treating perishable fruits and vegetables during their transportation in railroad cars. We deem it unnecessary to reproduce those claims here.

This application discloses a freight car equipped with a charcoal heater designed to perform the double function of supplying heat and carbon monoxide; the heat preventing freezing, and the carbon monoxide arresting the ripening processes of the fruit.

Each of the three tribunals of the Patent Office has carefully considered applicant's contentions and rejected them, in view of the state

1018 285 FEDERAL REPORTER

of the art. The patent to Lawton, dated April 19, 1898, discloses the idea of treating fruit in a freight car with carbon monoxide, and the patent to Saunders, dated October 1, 1912, discloses the idea of heating such a car with a charcoal stove.

It being common knowledge that a charcoal stove will give off carbon monoxide under certain conditions, we agree with the Patent Office that it was not invention to generate the carbon monoxide in the car, instead of supplying it from an outside source. In other words, it does not follow that, because applicant has devised a heater capable of performing a double function and upon which he has received a patent, he also is entitled to a patent upon a process fully disclosed long prior to his entry into the field.

The decision is affirmed.

Affirmed.